UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
FORREST W.H. SHUSTER,              )
                                   )
            Plaintiff,             )
    v.                             )
                                   )   Civil Action No. 11-1149 (RJL/AK)
                                   )
GOVERNMENT OF THE DISTRICT OF      )
COLUMBIA, *et al.*,                )
                                   )
            Defendants.            )
_____)

# **MEMORANDUM OPINION**

This case involves a claim by *pro se* Plaintiff Forrest W. H. Shuster ("Plaintiff") against Defendants Government of the District of Columbia and Officer Patrick Schaut (collectively, the "Defendants") for *inter alia*, violation of Plaintiff's rights under the First, Fourth and Eight Amendments, false arrest and assault and battery, which occurred when Plaintiff was sculling on the Potomac River and he was stopped, arrested and detained by an officer from the D.C. Harbor Patrol ("HP"). On April 14, 2015, this Court convened a telephonic status conference in order to discuss any lingering discovery disputes.  During the telephonic status conference, Plaintiff indicated that he wanted to take the deposition of an eyewitness but had been unable to timely do so previously because he could not locate/contact her.  Plaintiff stated that he has spoken to the witness's husband and is aware of the witness's location.  At the conclusion of the conference, the Court directed Plaintiff to file a "motion informing this Court of any outstanding discovery issues" by April 24, 2015.  (04/14/2015 Minute Order.)

Plaintiff filed a Motion to Compel Stipulations from the Defendant, and To Grant Plaintiff the Power and Extension of Time to Subpoena and Depose An Eyewitness ("Motion")

1

[29] on April 24, 2015.  Defendants' opposition to the Motion ("Opposition") was filed on May 4, 2015.  Plaintiff requests that the Court require the Defendants to affirm by stipulation five facts, briefly summarized as: 1) the type of engine in the HP boat; 2) whether the hull of the HP boat is smooth or has a bumper guard; 3) whether the HP boat has a dive door; 4) whether there are screws/bolts protruding from the helm of the HP boat; and whether the floor of the HP storage building is rough.  (Motion at 1-2.)  In a Memorandum Order [27] dated August 6, 2014, the Court denied items numbered 1 (not relevant), 4 and 5 (both untimely).  In that same Memorandum Order, Defendants were ordered to respond to item number three and according to Defendants, they have done so and the request is thus moot.  (Opposition at 1.)  The Court finds that item number two is new and untimely and should therefore be denied.

Plaintiff further asked that the Plaintiff supply a transcript of the "radio run," which has been provided to Plaintiff in an audio format.  (Motion at 2; *see* Motion to Compel [24] at 3-4.)[1] Defendants note that if the Plaintiff wishes to use a transcribed version of the "radio run," he "hire a court reporter to transcribe the live testimony recorded who can attest to its accuracy." (Opposition at 2 n.1.)  The Court finds that if Defendants currently have a transcribed version of the "radio run," that transcribed version should be produced to Plaintiff; otherwise, the audio version that has already been produced is sufficient.

Plaintiff further requests permission to subpoena and depose an eyewitness.  (Motion at 2.) Plaintiff asks for ten days from the issuance of this Opinion and the accompanying Order to provide the Court with the witness subpoena for approval and a period of time until June 15,

---

[1] Plaintiff cites LCvR 5.4(e)(3) but that rule requires the provision to *pro se* parties of paper copies of documents that are filed through Electronic Case Filing ("ECF") when the *pro se* party does not have an ECF password/access, and it has no bearing on discovery requests.

2

2015 to complete the deposition. The Court will permit Plaintiff to issue a subpoena and depose the eyewitness by no later than June 15, 2015. Plaintiff should contact counsel for the Defendants regarding a deposition date so that counsel may attend. No further extension of discovery will be considered by this Court.

Dated: 5/5/2015 _____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE